AMERICAN EMPLOYERS' INS. CO. v. GIARDINA.

No. 17164.

Court of Appeal of Louisiana. Orleans.

May 22, 1939.

Henry C. Vosbein, of New Orleans, for appellant.

Herman S. Lindy, of New Orleans, for appellee.

JANVIER, Judge.

The automobile accident from which this litigation resulted occurred at about 2:30 o'clock on the morning of Sunday, April 17, 1938, on one of the main streets of Covington, Louisiana.

A. D. Canulette, Jr., was driving his new Buick coupe towards Slidell, Louisiana, and Frank Giardina, in his Chevrolet, was going in the opposite direction. One of the automobiles left its proper side of the road and struck, or "sideswiped" the other. Both were severely damaged.

Mr. Canulette had secured from American Employers' Insurance Company a policy of full coverage collision insurance, under which that company had agreed to reimburse him any amount which he might be required to expend in repairing damage caused to his Buick by collision and, accordingly, that company paid to Mr. Canulette the full amount of such damage as his car sustained, to-wit, $174.96. The policy provided that, in the event of any such payment, the insurance company would be subrogated to the rights of the owner of the car against any third person at fault and, accordingly, Mr. Canulette, when he received payment from the said insurance company, subrogated it to any claim which he might have against Giardina. The said company then brought this suit, claiming the amount of damage which had been sustained by the Canulette car.

Plaintiff alleged that Giardina was negligent in that he was operating his Chevrolet at a speed in excess of 45 miles per hour and especially in that he permitted it to swerve across the center of the highway and into the side of the Buick, which was well over on its own side of the road and which was being driven by Mr. Canulette carefully and at a moderate speed.

Giardina denied any negligence on his part and averred that the cause of the accident was the negligence of Canulette in driving his Buick on the wrong side of the road and into the Chevrolet and also in operating the said car with three other persons on the seat with him.

In the alternative Giardina asserted that, if he himself was in any way at fault, his negligence was not the proximate cause of the accident, but that the said cause was the negligence of Canulette in the particulars charged.

There was judgment dismissing plaintiff's suit as in case of non-suit and the matter is now before us on appeal by plaintiff.

With Canulette on the seat of his Buick were another young man, Lawrence Abney, and two ladies, Mrs. Wilcox and Miss Olivier. Mrs. Wilcox was in the center, between Canulette and Abney, and Miss Olivier was on the lap of Abney who was on the right of the seat. With Mr. Giardina in his car was Thomas Lynch, Jr.

Giardina and Lynch both state that their car was on its proper side when the Buick crossed over and crashed into it. But Lynch, in effect, admitted that he knew very little about the matter, for he had not seen the other car when it approached, but

looked up only at the last instant and saw the Buick just before the collision occurred.

Contradicting Giardina and Lynch are Canulette, Abney and Mrs. Wilcox, all of whom are certain that the Buick was on the proper side of the road—some four or five feet away from the center line—when the Chevrolet crossed to their side and struck the said Buick.

It was not convenient to bring Miss Olivier to court to testify, but counsel for defendant, in this court, stated that no doubt Miss Olivier would have corroborated the testimony of her fellow-passengers.

All of the eyewitnesses agree that another automobile, going in the same direction in which the Canulette car was proceeding, had passed the Giardina car just before the collision occurred, and there seems to be no doubt from the evidence that that other car had had difficulty in passing the Giardina car, which had at that time swerved to its left and almost struck the other car.

After the accident the Buick remained on the road on its proper side, about four or five feet from the center line of the highway, whereas the Chevrolet, after crashing into the Buick, crossed from one side of the road to the other, struck several objects near the highway, and finally came to rest on the wrong side of the road.

In addition to this, we find most convincing the testimony given by Houston, a garage employe, who was called upon to repair one of the tires of the Buick car. He states that he saw the tracks which had been made by the Buick and that he also noticed considerable dirt which, by the force of the impact, had been dislodged from the inside of the left fenders of the Buick, and that these tracks and this dirt were about four or five feet on the Buick's side of the center of the highway. This fact furnishes corroboration of the testimony of plaintiff's witnesses that, when the collision occurred, the Buick was on the proper side and the Chevrolet had crossed the center line by several feet.

Counsel for defendant stoutly maintains that there should be no recovery for the reason that there was negligence in Canulette in operating his car with three other persons on the seat with him since they must have prevented him from carefully operating the said Buick. But the positive evidence of all of these witnesses showed that there was no such interference and the physical facts show that, when the car came to a stop, it was on its proper side of the road, as far from the center line as it was reasonably possible for it to be, and that, therefore, the presence of others on the seat with Canulette could not have had any causal connection with the accident. Then, too, as soon as Canulette saw that the other car was coming towards him, he sounded his horn and brought his car to a stop well over to the right. We cannot see that there was anything else that he might have done, even had he been alone in his car.

The amount claimed below is shown to have been the amount expended for repairs.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed. and it is now ordered that there be judgment in favor of plaintiff and against defendant for $174.96, with legal interest from judicial demand and for all costs.

Reversed.